FILED
SUPERIOR COURT
OF GUAM

2014 OCT 10 PM 2: 27

CLERK OF COURT
BY:_____



## IN THE SUPERIOR COURT OF GUAM

FRANCISCO JUNIOR TENORIO CAMACHO, et al., )
          Plaintiffs, )
    vs. )
VINCENT REYES, et al., )
          Defendants. )

Civil Case no. CV0625-11

**DECISION AND ORDER**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Vincent Reyes' motions: for order to show cause and to bifurcate liability and damages issues were taken under advisement by the Court on April 28, and May 18, 2014. Defendant Smithbridge Guam, Inc.'s motion for summary judgment was likewise taken under advisement on October 3, 2014.

Plaintiff is represented by attorneys Kristan K. Finney and Phillip Torres. Defendant Vincent Reyes (hereafter Reyes) is represented by attorney Louie J. Yanza. Defendant Smithbridge Guam, Inc. (hereafter Smithbridge) is represented by attorney Thomas M. Tarpley. After having carefully considered, received, and reviewed the arguments papers, and the file herein the Court hereby issues this decision and order granting Reyes' request for an order to show cause and denying his request to bifurcate. Smithbridge's motion for summary judgment

**ORIGINAL**

is granted.

## BACKGROUND

This case arises out of Plaintiff's April 6, 2011 complaint for damages. In it Plaintiff complains of acts of negligence which caused the death of Victoria Camacho on July 27, 2010, after she was struck by a dump truck.

I.

On April 1, 2014, Reyes filed a motion for order to show cause to Guam Behavioral Health and Wellness Center. In it he asserts that on March 10, 2014, he issued a subpoena to Guam Behavioral Health for a March 24, 2014, disclosure of documents. Guam Behavioral Health returned Reyes' check and the subpoena, did not file an objection to the subpoena and did not attend the scheduled date of disclosure. Citing various U.S. Federal cases Reyes argues that these are sufficient to require that Guam Behavioral Health appear and show cause why they should not be held in contempt of the subpoena.

No opposition papers were filed in this matter.

II. a)

On March 28, 2014, Reyes, pursuant to Rule 42(b) of the Guam Rules of Civil Procedure, filed a motion to bifurcate liability and damage issues. In it he argues that bifurcation will eliminate prejudice and promote judicial economy. In support of his argument he argues that the testimony of the witnesses with be emotional, belie juror objectivity and irrelevant to the question of liability. Specifically he asserts that the witnesses will testify to the loss of emotional support, services and financial services of their mother and grandmother; that decedent acted as a surrogate parent to her grandchildren, assisting with cooking and cleaning.

Reyes argues that resolving liability may require evidence of a phantom driver as well

as extensive expert witness testimony and eyewitness testimony that decedent deliberately walked into the path of the oncoming truck. Citing numerous foreign US Federal and State cases Defendant argues that while bifurcation is largely discretionary, the facts of this case are similar to others where cases similarly were bifurcated.

He further argues that issues of liability and damages are not intertwined and that because the damages at issue are death as opposed to injury this is a unique case. Reyes asserts and argues that while at trial both issues of liability and of damages will require the presentation of extensive evidence, the issue of liability is the central controversy and its resolution will likely obviate the need for a damages determination. Lastly he argues that bifurcation will be economical and will not prejudice Plaintiffs.

b)

Plaintiff filed its opposition to Reyes' motion to bifurcate on April 4, 2014. Asserting its version of the facts regarding liability, Plaintiff argues that liability and damages in this matter are inextricably intertwined and that separating them will prejudice it and increase the amount of time required to resolve the matter. Distinguishing the foreign cases cited by Reyes Plaintiff argues that separate trials are only warranted when the issues are so distinct that a trial of one alone may be had without injustice.

Plaintiff argues that because Defendants have raised the defense of contributory negligence, witnesses who will be called to testify regarding damages with also testify about the decedent's mental health during a liability phase. It further argue that the issue of damages are not overly complex as the cause of death is not in question and that discovery as to both issues of liability and damages is nearly complete.

c)

Reyes filed his reply on April 18, 2014. In it he reasserts his argument of promoting

judicial economy and emotional prejudice. Defendant argues that Plaintiff has not adequately shown that prejudice or that the issues are of liability and damages are easily separated.

III. a)

On August 22, 2014, Smithbridge filed a motion for summary judgment. In it Smithbridge argues that there is no evidence to support the contention that Defendant was ever its employee and that Defendant Atlas Coop is a separate proprietorship owned by Mr. Sundran Allagan, an employee of Sumitomo. They further assert that while Reyes' deposition testimony indicates that he was an employee of Black Construction, Perez Bros., and Atlas Coop, there is no testimony indicating that he was employed by Smithbridge. Accordingly they assert that they are entitled to summary judgment.

b)

Plaintiff filed its opposition to Smithbridge's motion for summary judgment on September 22, 2014. In it they argue that the question of who is an employee for purposes of legal liability is complex. They assert that courts employ a substantial evidence test analyzing whether and to what extent a person's work is within the scope of another's direct control. Citing the Torres declaration Plaintiff asserts that: 1) Reyes drove a dump truck for the benefit of Smithbridge; 2) while driving the truck he hit and killed Victoria Camacho, 3) Smithbridge exercised control over the truck, the work and delivery requirements of Reyes, 4) the truck was housed at Smithbridge, and 5) Reyes picked up his last check from Smithbridge. Plaintiff asserts that these are sufficient to create a disputed question of material fact.

c)

Smithbridge filed its reply on October 1, 2014. In it they assert that Plaintiff's reply was filed three days after the deadline established in the Superior Court's local rules. Citing two U.S. Federal Court cases, it argues that the facts set forth in it's motion should be deemed

admitted and the Plaintiff's opposition disregarded. In the alternative Smithbridge argues that Plaintiff has not pled sufficient facts to survive its motion, the facts asserted are conclusory and non-specific.

## DISCUSSION

I.

Section 34101 of Title 7 of the Guam Code regulates a Court's contempt powers and its issuance of orders to show cause. In 2003 the Guam Supreme Court, reviewing a trial Court's findings in a domestic case explained that, "[t]he elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. Here Defendant has asserted sufficient facts for the Court to find that the Guam Department of Behavioral Health and Wellness should be required to appear and show cause why they should not be held in contempt.

II.

Motions to bifurcate are regulated by Rule 42(b) of the Guam Rules of Civil Procedure. Guam R. Civ. P. 42(b). This rule provides,

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Organic Act of Guam or laws of Guam.

*Id.* The Guam Supreme Court has yet to interpret or analyze this rule. On its face the rule grants a court discretion to divide a case into separate trials for three reasons: 1) to avoid prejudice; 2) for convenience; or 3) to expedite and economize. *Id.* Facially the rule permits prejudice to attach to separate issues/elements of an individual claim or cause of action. *Id.* A

review of the application of the U.S. Federal Rules of Civil Procedure, Rule 42(b), by the U.S. Federal Courts reveals that the bifurcation of the elements of a cause of action for risk of prejudice between elements is routinely affirmed and is not unique to claims for wrongful death. *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 482 (6th Cir. 2007); *M2 Software, Inc., v. Madacy Entertainment*, 421 F.3d 1073, 1088 (9th Cir. 2005) (The district court had broad discretion to try the liability phase first and did not abuse its discretion in bifurcating the trial). However, the same review reveals that a trial court's decision to deny bifurcation of issues based upon similar arguments of prejudice are also affirmed. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Admittedly the breadth of discretion allowed to the Court in deciding this issue both on the face of the applicable test and its subsequent interpretation is broad.

In this case the Court is not persuaded that the parties have asserted sufficient facts for it to find that the bifurcation of the liability element of Plaintiff's actions in tort would be objectively more convenient or expediently economic. None of the parties to this motion have cited to sufficient disputed or undisputed material facts for the Court to opine upon the probability of a liability determination in any party's favor or the dispositive nature of such a determination. Absent this the Court is unable to support a finding under either of these rule based justifications.

Accordingly the Court is left to determine whether the possible irrelevance and prejudicial nature of testimony regarding damages in this case sufficiently justifies a decision that they must be determined separately. When applied broadly, the issue or element of damages, whether in tort or contract is not relevant and is often prejudicial to the elements of duty and breach. Viewed under this standard a valid argument can be made that evidence of

each element of a cause of action in tort or contract is not relevant to the other. However, despite this, separate trials are not held for each element and courts and juries frequently are called upon to separate and apply the distinct evidences, emotional and factual, to each element in a cause of action. Any other finding would contravene rule 42(b)'s other justified reasons for bifurcation, convenience and economy. Guam R. Civ. P. 42(b). Accordingly absent some showing of the unique nature of the under lying facts upon which an individual issue will be established or further direction from the Guam Supreme Court, the Court is not persuaded that it should grant bifurcation upon the facts presented here. *Id.*

In this case the possible prejudice arises out of the anticipated emotional testimony of grandchildren and children of the decedent. Specifically Movants identify the following evidences which they find prejudicial:

1) The decent acted as a surrogate parent; and
2) The decedent prepared meals and cleaned the home;

Mot. at 4-6. The Court is unable to find any reason why they are uniquely prejudicial. Absent this the Court is unpersuaded it should grant Movants' request.

III. a)

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c); *Izuka Corp. V. Kawasho International,* (Guam), Inc., 1997 Guam 10 ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in the light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶ 7.

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27 ¶ 7; *Iizuka*, 1997 Guam 10 ¶ 8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. A genuine issue precluding summary judgment exists "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *M Electric Corporation v. Phil-Gets (Guam) International Trading Corporation*, 2012 Guam 23 ¶ 11.

b)

Rule 7.1 (f) of the Court's local rules regulates the Court's ability to consider a motion filed outside of the mandated maximum time period. Super Ct. Guam R. 7.1(f). It provides, "[p]apers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court." In this case Plaintiff filed its opposition three days after the maximum time allotted. It has furthermore not sought the

Court's leave to excuse the late filing or consider it opposition motion. Absent this the Court is unable to consider Plaintiff's opposition.

c)

In 2000 the Guam Supreme Court explained that in Guam the doctrine of *respondeat superior* has been codified in Section 20309 of Title 18 of the Guam Code. 18 GCA § 20309 (2013). This section provides,

> Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal.

*Id.* Additionally a review of other U.S. law reveals a common salient factor to determining whether an employment or agency relationship exists is whether the principal has the right to control the agent. *Central Trust and Inv. Co. v. Signalpoint Asset Management, LLC*, 422 S.W.3d 312, 323 (Sup Ct. Mo. 2014); *Bartholomew County v. Johnson*, 995 N.E.2d 666, 673 fn4 (Ind. Ct. App. 2013)(It is the employer's right to control that generally separates a servant from an independent contractor); *Miller v. City Views at Rosa Burney Park GP, LLC*, 746 S.E.2d 710, 713 (Ga. Ct. App. 2013)(If an employer controls the time, manner, and method of executing the work, an employer-employee relationship exist).

In this case the Plaintiff has been unable to point to any specific non-conclusory fact which would create a disputed issue of material fact that Reyes was employed by or under the control of Smithbridge. In its opposition Plaintiff makes two assertions of fact: the truck was housed at Smithbridge and Reyes picked up his last check from Smithbridge. While these assertions allow for the inference that Smithbridge may have exercised this necessary control, absent some specific direct evidence of this control, the Court is unable to find that these inferences, by themselves, create a disputable issue of material fact. *M Electric Corporation*,

2012 Guam 23 ¶ 11. Plaintiff also asserts the following conclusory statements which are not supported by any facts: Smithbridge exercised control over the truck, the work and delivery requirements of Reyes. These conclusory assertions are insufficient to create a disputable issue under appropriate standards. *Id.*

## CONCLUSION

For the above reasons Defendant's motion for order to show cause is GRANTED and his motion to bifurcate is DENIED. In accordance with this order Defendant shall re-submit a proposed order setting the date and time for an order to show cause hearing within 14 days of his receipt of this order.

Smithbridge's motion for summary judgment is GRANTED. Smithbridge is hereby ordered to prepare a provide Plaintiff a judgment reflecting this Court's order within the next fourteen days. Plaintiff shall have seven days to object as to the form of the judgment. After this time has lapsed Smithbridge shall submit the proposed judgment to the Court for its review and signature.

SO ORDERED, this _____ 10th _____ day of October, _____ 2014 _____.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
*PHILLIP TORRES*
*LOUIE YANZA*
Date: 10/10/14 Time: 2:47 PM
*A. SANTOS*
Deputy Clerk, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
*THOMAS M. TARPLEY*
Date: 10/10/14 Time: 2:47 PM
*A. SANTOS*
Deputy Clerk, Superior Court of Guam